**Bertha E. Bussert et al., Defendants in Error, v. Charles Coleman, Plaintiff in Error.**

VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Trespass on the case. Error to the Circuit court of McDonough county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

DAVID CHAMBERS and COOKE & STEVENS, for plaintiff in error.

NEECE & ELTING, for defendants in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Defendants in error, the wife and daughter, respectively, of William M. Bussert, recovered a verdict and judgment against plaintiff in error for $2,000 as damages for injury to their means of support occasioned by the intoxication of said Bussert alleged to have been caused in whole or in part by intoxicating liquor sold to him by plaintiff in error.

It is not controverted by plaintiff in error that Bussert was intoxicated at the time he received the injury alleged in the declaration, or that such intoxication was the proximate cause of the injury, but the judgment is sought to be reversed solely upon the ground that the verdict of the jury finding that plaintiff in error sold to Bussert intoxicating liquor, which, in whole or in part, caused his intoxication, is against the manifest weight of the evidence.

On November 6, 1905, Bussert, together with two boon companions, Purman and Minner, went from Macomb to Bushnell, on a freight train. The evidence tends to show that while they were riding in the box car, they drank some whisky, and that upon their arrival at Bushnell, Bussert was under the influence of liquor. Bussert testified unequivocally that upon arriving at Bushnell, he drank whisky at the saloon of plaintiff in error, and in this he is corroborated by Purman and Minner. True, the evidence of Purman and Minner upon this question is not entirely clear and satisfactory, but a careful consideration of their testimony, as it appears in the record, convinces us that their apparent failure to remember in detail what then occurred, was prompted by a desire on their part to shield plaintiff in error, rather than by a sense of their obligation to tell the truth, the whole truth and nothing but the truth. Purman testified that he was in the saloon of plaintiff in error with Bussert and Minner;

that Minner and himself took a drink in the saloon; that he could not remember whether Bussert took a drink also, but thought he did.  Minner testified that he drank whisky with Bussert and Purman in one or more saloons in Bushnell; that he did not remember just what saloon.  The testimony of plaintiff in error and several other witnesses on his behalf, to the effect that Bussert was in his saloon about 9 o'clock in the evening and that he then refused to sell him anything, is not inconsistent with the testimony of Bussert, corroborated, as above stated by the testimony of Purman and Minner, to the effect that he (Bussert) drank whisky in the saloon of the plaintiff in error at about seven o'clock in the evening.

We are not prepared to say that the verdict of the jury upon the issue involved was against the manifest weight of the evidence, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*